No. 39835            Western           Worcester, ss.

KATHERINE F. DOLAN, d/b/a/
STANDARD TAX SERVICE       (Henry T. George)
v. MARTHA LUNCH CO., INC.
            (Mooney, French, McCabe & Walker)

From the Central District Court of Worcester—Wall. J.

Argued June 3, 1941—Opinion Filed July 7, 1941

PARKER, J. (Hibbard, P.J., & Mason, J.)—This is an action of contract in which the plaintiff seeks to recover the sum of $330. the balance due for personal services rendered to the defendant according to an account annexed, together with interest from June 8, 1940 to Feb. 11, 1941.

At the trial there was evidence tending to show that the plaintiff performed the services as declared upon at the request of an authorized agent of the defendant corporation; and that she received payments as credited in the plaintiff's account annexed marked "A."

At the close of the trial and before final arguments, the defendant made fifteen requests for rulings, all of which were denied by the trial court. Requests #1 and #6 inclusive dealt with the "presumption of application of payments"; #7 to #9 inclusive dealt with "separate and independent causes of action" #10 and #11 were concerned with the "defendant's intentions"; #12 and #13 referred to the statute of limitations; #14 and #15 were:

"14. That the items of the account annexed in the plaintiff's declaration do not constitute a mutual and open current account.

"15. That the evidence does not warrant a finding for the plaintiff."

The court on March 28, 1941 found for the plaintiff in the amount of $345.35, and made the following finding dated March 28, 1941:

"I decline to give the rulings requested within, for the reason that I find the account to be a mutual open account and not barred by the statute of limitations."

An examination of the report shows that there are only two questions to be answered in this appealed case: (1) Did the business relationship between the plaintiff and the defendant constitute a mutual and open account current? (2) Was the plaintiff justified in applying the payments as she admittedly did?

There can be little doubt but that the first question is one of fact. If it is a question of fact, it is well established that the finding of the trial judge is not to be disturbed by us unless such finding is not warranted by the evidence in the case. It seems to us to be eminently justified by the evidence in the instant case.

When we come to the second question that of the proper application of the payments by the creditor, we call attention to a leading case of *Ramsay* v. *Warner,* 97 Mass. at page 13: "The rule as to the application of payments, where there are several debts, is this, that the debtor may, if he chooses, in the first instance, appropriate the payment; if he omits to do so, the creditor may make the appropriation." At page 14 is the following: "The creditor had a right to make it (the application) at any time; and when it is made it takes effect from the time of the payment and not from the date of the application." The only evidence that the defendant ever made any application was a notation on the stub of a check book that the credit of July 15, 1937 was in payment of preparation of 1936 tax return. There was no evidence that such notation was on the check that was issued. Under these circumstances, we consider that the creditor was at liberty under the law to make such applications to the various items of indebtedness as she saw fit.

There seems to be no dispute in reference to the exact amounts of the various items, or of the dates of the indebtedness, or of the various items of payments. The bearing that a single payment may have with reference to the statute of limitations is set forth to excellent advantage in the case of *Day* v. *Mayo,* 154 Mass. at page 475.

We find nothing to criticize in the manner in which the trial court has dealt with the defendant's fifteen requests for rulings. We find that the statute of limitations does not apply.

There being no prejudicial error, the report must be dismissed.